UNITED STATES of America,
Appellee,

v.

Hipolito BARAJAS–ORTIZ, also
known as Polo, Appellant.

No. 08–3672.

United States Court of Appeals,
Eighth Circuit.

Submitted: Nov. 2, 2009.

Filed: Nov. 10, 2009.

Kenneth P. Elser, U.S. Attorney's Office, Fort Smith, AR, for Appellee.

Ken Osborne, Fayetteville, AR, for Appellant.

Hipolito Barajas–Ortiz, Oklahoma City, OK, pro se.

Before BYE, BOWMAN, and BENTON, Circuit Judges.

PER CURIAM.

In this direct criminal appeal, Hipolito Barajas–Ortiz challenges the within-Guidelines-range sentence imposed by the district court[1] after he pled guilty to distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On appeal, his counsel has moved to withdraw and has filed a brief under *Anders v. California,* 386 U.S.

---

1. The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), arguing that the district court abused its discretion by not imposing a sentence at the bottom of the Guidelines range.

We review the imposition of sentences under a deferential abuse-of-discretion standard, first ensuring that the district court committed no significant procedural error, and then considering the substantive reasonableness of the sentence. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir.2009) (en banc) (listing factors that constitute abuse of discretion). We find no abuse of discretion here: the court specifically and properly addressed multiple sentencing factors under 18 U.S.C. § 3553(a), *see United States v. Gray*, 533 F.3d 942, 944 (8th Cir.2008); the sentence was imposed within the undisputed Guidelines range, *see Rita v. United States*, 551 U.S. 338, 347–50, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); and there is no indication that Barajas–Ortiz would be able to rebut the resulting presumption of reasonableness, *see United States v. Cadenas*, 445 F.3d 1091, 1094 (8th Cir.2006).

After reviewing the record independently under *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.